1  MELINDA HAAG (CABN 132612)
   United States Attorney

2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  KYLE F. WALDINGER (ILBN 6238304)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, 11th Floor
6      San Francisco, California 94102
       Telephone: (415) 436-6830
7      Facsimile: (415) 436-7234
       E-mail: kyle.waldinger@usdoj.gov
8
   Attorneys for Plaintiff
9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,          )    No. CR 07-0568 MHP
                                       )
14          Plaintiff,                 )
                                       )    JOINT MOTION AND REQUEST TO
15      v.                             )    CONVERT SENTENCING HEARING TO
                                       )    STATUS HEARING AND [PROPOSED]
16  MARK JACOBSON,                     )    ORDER
                                       )
17          Defendant.                 )
                                       )
18  ————————————————————————

19      Pursuant to Criminal Local Rule 32-2, the United States and the defendant Mark

20  Jacobson jointly request that the sentencing hearing presently set for May 23, 2011, be converted

21  to a status hearing.

22      The defendant Mark Jacobson previously pled guilty pursuant to a plea agreement in

23  which he agreed to cooperate with the United States in its investigation and prosecution of other

24  individuals.  It is now anticipated that Mr. Jacobson will testify at the trial of the defendant David

25  Nosal in United States v. David Nosal, CR 08-0237 MHP.  The Nosal case is currently on appeal

26  before the Ninth Circuit.  Regardless of the Ninth Circuit's disposition of the United States'

27  appeal in the Nosal matter, at least some charges alleged in the Nosal Indictment will proceed to

28  trial, and Mr. Jacobson will testify at that trial.

    JOINT MTN. & [PROPOSED] ORDER
    CR 07-0568 MHP

1    Because Mr. Jacobson's cooperation with the government's investigation and prosecution

2  of other individuals is not yet complete, the parties jointly request that the Court convert the

3  scheduled sentencing date of May 23, 2011, to a status hearing.  The specific bases of the parties'

4  request are set out in more detail below.

5

6  **I.      Delaying Sentencing In This Matter Will Benefit The United States And Will
           Potentially Benefit The Defendant.**

7    A defendant who requests a continuance of his sentencing hearing should be able to

8  demonstrate that the government either desires or can benefit from his cooperation.  *Cf. United*

9  *States v. Urben-Potratz*, 470 F.3d 740, 744 (8th Cir. 2006) (affirming denial of defendant's

10  motion for continuance where defendant's additional cooperation would have required DEA to

11  arrange an operation and approve defendant's participation in it and DEA "had already denied

12  one such request").

13    In the present matter, Mr. Jacobson is cooperating with the government, and has been

14  doing so since 2007.  In the past, Mr. Jacobson has participated in meetings with government

15  investigators regarding the facts and circumstances of the conspiracy charged in the Nosal case.

16  It is anticipated that he will participate in additional meetings once the Nosal matter is set for

17  trial.  Mr. Jacobson's further cooperation in this case does not require special arrangements, but

18  rather only the defendant's testimony in the trial of his co-conspirator Nosal.

19    In addition, Mr. Jacobson's active cooperation, through testimony against his

20  co-conspirator Nosal, may significantly alter the United States' recommendation (if any) as to an

21  appropriate sentencing reduction by enhancing the value of the defendant's cooperation "in the

22  investigation or prosecution of another person who has committed an offense."  United States

23  Sentencing Commission, Guidelines Manual § 5K1.1, p.s., comment.  (n.3).

24    Finally, because Mr. Jacobson will be required to testify at trial, his cooperation with the

25  government's investigation is not yet complete.  Pursuant to the terms of his plea agreement, Mr.

26  Jacobson has agreed to request continuances of his sentencing date until his cooperation is

27  completed.  *See* Plea Agrm., ¶ 9.e.  Indeed, the parties' agreement anticipated that sentencing in

28  this case would not proceed until Mr. Jacobson's cooperation was complete.

JOINT MTN. & [PROPOSED] ORDER
CR 07-0568 MHP                              -2-

1   **II.     Neither The Defendant Nor the Government Will Suffer Inconvenience.**

2           Neither the government nor the defendant will suffer inconvenience by converting the

3   sentencing hearing to a status hearing.  While the parties acknowledge that inconvenience to the

4   Court or witnesses may be an important factor in a consideration of whether to continue a trial, it

5   is less important in the case of a short hearing where no witnesses are called and where re-

6   calendaring may be accomplished easily.  *United States v. Flynt*, 756 F.2d 1352, 1360 (9th Cir.

7   1985) (contempt hearing); *see also United States v. Rivera-Guerrero*, 426 F.3d 1130, 1141 (9th

8   Cir. 2005) (hearing regarding anti-psychotic drug administration).

9           In fact, courts routinely grant requests to continue sentencing hearings for the purpose of

10  cooperation.  *See United States v. Ressam*, 629 F.3d 793, 811 & n.2 (9th Cir.  2010) (referencing

11  multiple sentencing continuances to allow for cooperation with the government, including a

12  nine-month continuance "to allow Ressam 'the opportunity to fulfill the terms of his promised

13  cooperation'"); *United States v.  Myers*, 993 F.2d 713, 714 (9th Cir.  1993) (referencing "many"

14  continuances of defendants' sentencing hearing for purpose of substantial assistance).

15          In this case, a sentencing continuance should not present substantial inconvenience to the

16  Court or to third parties and will not inconvenience the government or the defendant, and its

17  timing can easily be assessed based on the progression of the government's case against David

18  Nosal.  Converting the sentencing hearing to a status hearing will also provide the Probation

19  Office with additional time to complete the presentence report in this (and related) cases, and will

20  allow the parties to maintain their focus on Mr. Jacobson's continuing cooperation.

21  **III.    Conclusion.**

22          For all of these reasons, the parties jointly request that this Court convert the sentencing

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

JOINT MTN. & [PROPOSED] ORDER
CR 07-0568 MHP                              -3-

1   hearing presently set for May 23, 2011, to a status hearing.

2

3   Respectfully submitted,

4   Dated: April 27, 2011                    MELINDA HAAG
                                             United States Attorney

5

6

7   _____/s/_____
    KYLE F. WALDINGER
    Assistant United States Attorney

8

9

10
    Dated: April 27, 2011                    _____/s/_____
11                                           THOMAS CARLUCCI
                                             JAIME B. GUERRERO
12                                           Attorneys for defendant Mark Jacobson

13

14                          **[PROPOSED] O R D E R**

15          GOOD CAUSE APPEARING,

16          IT IS ORDERED that the sentencing hearing presently set for May 23, 2011, be

17   converted to a status hearing.

18          Dated this 28th day April, 2011

19

20

21   HON_____PATEL
     UNIT_____DGE

22

23                    Judge Marilyn H. Patel

24

25

26

27

28

JOINT MTN. & [PROPOSED] ORDER
CR 07-0568 MHP                              -4-